## Industrial Fibre Products Company of Caldwell, N. J., v. Arters et al.

*J. A. Bolard*, for petitioner.
*Gerard P. O'Connor*, contra.

KITTS, P. J., December 6, 1943. — On August 13, 1943, a judgment note was entered of record in this court upon a narr in assumpsit with confession of judgment. Later, on November 1, 1943, upon plaintiff's petition, we allowed plaintiff to file the usual notice and affidavit stating that the defendants are not in the service of the United States in the Army or Navy. This affidavit also contained the usual allegation as to the precise residence of plaintiff. However, this residence had been previously established in the said narr.

The same day, to wit, November 1, 1943, defendants preferred two petitions, one praying that the said judgment might be stricken from the record: First, for the reason that plaintiff had failed to comply with the

requirements of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178; and second, that the attorney for plaintiff had violated rule 9, para. 13, of our rules of court in that, at the time of filing of the narr, he failed to endorse thereon an office address in the City and County of Erie at which all notices relating to the case may be served. The other petition sought to quash the writ of fieri facias issued on this judgment, alleging that there was no præcipe on record signed either by plaintiff in propria persona or by any attorney of the bar of Erie County, Pa., and also reaffirmed their objection to the violation of rule 9, supra. On both these petitions we issued a rule to show cause, and they were argued on the 2nd instant by learned counsel. Both rules will be discharged. Counsel for plaintiff cited Blume v. Battaglia et al., 28 Dist. R. 689. This was a construction of the Soldiers' and Sailors' Civil Relief Act of Congress passed March 8, 1918, 40 Stat. at L. 440. The phraseology is very similar to the instant act. However, in that case the judgment was taken by default. This case presents an entirely different situation. There, one of the defendants received no notice whatsoever, nor was any certificate filed. Here, both defendants have authorized any attorney of any court of record to appear for them, and so forth, and in addition thereto plaintiff's affidavit hereinbefore mentioned plainly shows that neither one of these defendants is in the military service.

In 42 D. & C. 549 will be found a very recent case, that of Arthur v. Gardner. In this case Judge Humes, ruling upon said Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, sec. 200, distinguished between a judgment by default and a judgment by confession. See 6 Standard Pa. Practice 731, §252. See also Wise, Tr., v. H. F. Raub Silk Co., 18 Northamp. 228. All courts of justice should zealously guard the rights of a soldier or a sailor and, in fact, of any person, regardless of sex, who may be a member of

any branch of our armed forces. There has been no infringement in the instant case.

We conclude that under all of the circumstances this judgment is now regularly before the court, and were informed upon oral argument that defendants through counsel would prefer their petition to open the judgment.

While defendants' counsel was unwilling to press the court on his allegations relating to the said rule 9, and withdrew his objections thereto on oral argument, we will have a word to say about this. In the first place, the narr in assumpsit with confession of judgment, in our opinion, really takes the place of a præcipe, and it can be successfully contended that, by virtue of the phraseology in the judgment clause of the judgment note, it is also an appearance by attorney for defendants.

The rules of court are adopted to facilitate legal business as among the attorneys, the court, and the various litigants thereof, and are largely, in their enforcement, a matter within the broad discretion of the court. It would be safer practice in the future for work in this court if Brother Bolard would endorse on his manuscript covers, in addition to his residence in Cambridge Springs, Pa., the words "or the Prothonotary's Office, Courthouse, Erie, Pa." Hon. John A. Bolard was born in Waterford, this county, and has been a member of this bar in good standing for many years, in fact, so long that we are reminded of the old adage, "Whereof the memory of man runneth not to the contrary", and this court has never strictly enforced rule 9 upon him.

In view of the foregoing, we make the following

### Order

And now, to wit, December 6, 1943, the rules granted November 1, 1943, upon defendants' petitions to strike off this judgment and also to quash the fieri facias be and the same are hereby discharged and overruled.